J. Irwin Shapiro, J.
Motion for an order: 1. Granting the plaintiff in the above-entitled action, a preference in the trial of his cause of action against the defendants in accordance with and pursuant to subdivision 3 of section 151 of the Rules of Civil Practice, and article III of the Calendar Rules of the above court as amended in accordance with the order of the Appellate Division of the Supreme Court, Second Judicial Department, upon the grounds of the plaintiff’s destitution, and for an order 2. Setting the above cause down for an immediate trial as a preferred cause, at Trial Term, Part I of the above court for a date certain as a preferred cause for trial and disposition of law and fact, raised in connection with the above action.
*1091 Plaintiff was a passenger in a taxi which was in collision with a truck. The owners of both vehicles are among the defendants here.
Prior to the occurrence plaintiff was employed “asa shipping clerk and had been doing this type of work and laborious effort for extended period of years in the garment industry. ’ ’ Although attempting to go back to work, the plaintiff has been unable to do so because of his neurological condition and he has ‘ ‘ been out of work for practically a year now ”. He is receiving $40 a week as disability benefits by award from the Workmen’s Compensation Board.
The doctor in his affidavit states that the patient is suffering from a post traumatic encephalopathy with residuals of soft tissue derangement of the cervical region. The same conclusions were reached by Doctor Hunter of St. Clare’s Hospital as well as by Doctor Morris, plaintiff’s personal physician, as is evidenced by their testimony in the hearings held before the Referee of the Workmen’s Compensation Board, on March 20, April 11 and April 12, 1962.
The neurologist concludes in his affidavit that the plaintiff ‘‘ will continue to be disabled for an indefinite period of time necessitating further care and treatment ”, and “ that the outlook for any material improvement in the near reasonable future, is poor.”
The plaintiff’s wife has commenced a proceeding against him in the Family Court for nonsupport and the proceedings there are being held in abeyance pending the determination of this motion for preference. Both defendants claim that the plaintiff was not seriously injured in the accident. A trial will give them an opportunity to demonstrate that the serious claims made by plaintiff and corroborated by his doctors and the compensation doctors are without foundation in fact. It should be noted that the plaintiff was taken from the scene of the accident directly to a hospital and was hospitalized for 10 days.
In view of all of the circumstances, the inability of plaintiff to do any work, his indigent condition, the rupture with his wife because of his inability to maintain the household and the fact that the injuries, whatever the nature and extent, were sustained without any fault on his part, the court deems it in the interest of justice to grant the application for a preference.
The action is ordered placed on the Day Calendar of Trial Term, Part I, for January 21,1963, subject to the consent of the Justice there presiding.